Hemphill, Ch. J.
This was a proceeding instituted in the County Court
by tiie appellant, as administrator de bonis non of J. W. Burton, deceased, to recover from the. appellee, a former administrator de bonis non of said estate, certain enumerated documentary papers alleged to belong to said succession. The. appellee demurred to the application, and this being- sustained and tiie petition being dismissed, the cause was transferred to the District Court, where the judgment of tlic County Court being affirmed the case lias been brought by appeal to this court.
Before considering the errors assigned wo will dispose of the motion to dismiss the appeal, oiitlie ground that, the errors were not assigned before tiie transcript of the record was taken from tiie office of the clerk of tiie District Court.
Tiie facts in relation to the assignment of errors are, that the transcript was demanded and received by the appellant on the fourth day of April, 1852. The errors were assigned the day following, and tiie transcript was filed for the first time in ibis court on the tenth day of tiie same month. The appellant states on his oath that at tiie time of filing tiie assignment of errors iie took hack the transcript to the clerk, and in the presence of the attorney of the appellee, requested him to attach the assignment to the transcript, which he refused.
AVe have repeatedly determined that the appellant has the transcript under his control, and is not compelled to file it in tiiis court until the first day of the term assigned for the trial of causes from the district in which the appeal or writ of error was taken, and that if it liad been previously filed he may, upon motion, withdraw it; and upon its being returned to the clerk of tiie District *258 Court, and a copy oí the assignment attached, it may he reflled in this court,, and it will he heard and considered and (lie errors tried and determined in the same way as if they had been filed before the transcript was first taken from the office of tlie clerk of the District Court.
Tile appellant brings himself clearly within tlie rule of practice adopted by this court. His errors were assigned and tiled before tlie cause appeared in the. Supreme Court. This would bring the ease within the operation of the rule, but in addition the attorney of tlie appellee had express notice of tlie assignment, and no possible injury could arise on the ground of ignorance of the errors relied on for reversal.
Tlie requisition that errors should be assigned below is for the benefit of counsel who appear by brief and not in person in tlie Supreme Court. The length of notice is not specified. The errors may not be assigned oil tlie day the transcript is demanded, and this may be in time only sufficient to have tlie cause on tlie docket of the Supreme Court at the latest period permitted by law. Tlie object of tlie statutory provision is satisfied if the appellee liavo the-means of ascertaining the grounds of appeal before tlie transcript is finally taken for definitive filing in the court above; and the errors in this case having" been assigned in time, tlie motion to dismiss is consequently refused.
From the argument of counsel we infer that tlie demurrer to tlie plaintiff’s application was sustained on the ground of the want of jurisdiction in the County Court. The authority for instituting suit in that court, on which appellant relies, is found in the 11,9th section of the act of 1818, (art. 1228, Dig..) and is to the effect that; on complaint being made to any chief justice that any person lias the last will of any testator or testatrix or any papers belonging to tlie estate, of a testator or intestate, said chief justice shall cause such person to be cited to appear before him, either in term time or in vacation, and show canse why he should not deliver such will to the court for prohate, or why ho should not deliver such papers to the executor or administrator, and upon the return of such citation served, unless such will and papers are so delivered or good cause shown to the court for not delivering the same, the chief jns! ice, if such person had such will or papers at the time of tlie complaint being filed, may cause him to he arrested and imprisoned until he-so deliver them.
Tlie terms of the power here conferred are very broad and comprehensive. It extends to all persons and embraces all papers belonging to the estate of a testator or intestate. In terms there is no exception from its summary and formidable sway, and if it be authorized by tlie Constitution there is no doubt that it may he exercised to the extent of the grant, and in all cases-within its scope and purview.
By the 15th section, article 4, of the Constitution, inferior tribunals are required to be established in each comity for appointing guardians, granting letters testamentary and of administration, for settling tlie accounts of executors, administrators, and guardians, and for tlie transaction of business appertaining to estates, &c. No argument lias been urged against the statute as exceeding the limits and objects of the grant in the Constitution. But it is contended that though the phraseology is general, and might, if the section were alone considered, embrace former and removed administrators as well as others, yet, from other provisions of the law, it manifestly appears that tlie power here conferred is not to be employed against removed administrators, inasmuch as another special, ample, and plenary remedy against such administrators has been provided by the statute; that, by the 115th section, (art. 1224,) administrators de bonis non have power to settle with the former executor or administrator and receive and receipt for all such portion of the estate as remains in their hands, and they have power to bring suit on bonds of the former executor or administrator, in their own names as administrator, for all “the estate that has not been accounted for” by such former executor or administrator.
An answer to this is, that though it might be admitted that the remedy *259 against an administrator “for ail the estate that lias not been accounted for,” as given in (ho above section, might be sufficient to accomplish every purpose to lie effected by the means given in the 119th section, yet that would be no objection to nor restriction upon tiie power conferred in the latter section. Sucli admission would only make the remedies concurrent, aud either might be invoked at the pleasure of the complainant. But there is a marked difference between the objects to be accomplished by the uso of these remedies. One is limited to the papers alone of the estate, the other extends to the whole estate. Between the papers of one estate and the property belonging to it there is a wide distinction. A suit upon, the bond for the estate would generally he eonflned to the corpus or body of the succession, not including tiie evidences of title, though in extreme cases the District Court might, in the exorcise of its plenary powers, require these to be surrendered to tiie proper representative. A suit upon the bond brought in the District Court might linger for years. Tiie removed executor and his sureties might all be insolvent, and frequently there could he no adequate compensation in damages for the loss or refusal of papers.
In the meantime, for the want of the papers aud the consequent impossibility of collecting claims aud of identifying and recovering property, the estate may suffer losses not to he satislied from recovery on the bond. There is, then, a special propriety and necessity for the power given to secure to the administrator the papers belonging to the estate, and there is more reason for this stringent i-emedy as against a removed administrator than against others. Tiie papers may he necessary to support an action against himself for his default in administration aud for tiie recovery of portions of the estate not accounted for. Of course lie cannot he required to surrender his own vouchers or papers necessary to his own defense. *
But over documents belonging to the estate he has no claim, and they must he surrendered to the administrator for the purposes of his trust. This power is one which maybe greatly abused. But that is no objection to its legitimate exercise. The grant of tiie power is clear and full, and has not been shown to be obnoxious to any of the provisions of tiie constitution. Its abuses are under the supervision aud correction of the District Court, and cannot result in serious injury.
Tiie judgments of tiie District and County Courts are reversed, and the cause remanded to the District Court with directions to certify the same to the County Court for sueli further action as may he in conformity with law.
^Reversed and remanded.