Sabine & East Texas Railway Company v. Lucinda Dean et al.
No. 2808.

**1. Contributory Negligence—Crossing Railway Track.** —When there was nothing to prevent one approaching a railway track from seeing his danger from an approaching car, and such person heedlessly stepped upon the track at the moment the moving car struck him, no cause of action arises from his injury from such collision, although the car from which the injury was received was moving at a greater speed than proper at the time.

**2. Same.**—See facts showing contributory negligence, and not supporting a verdict for damages.

Appeal from Hardin.    Tried below before Hon. L. B. Hightower.

This is an appeal from a judgment against appellant for $2200 in favor of the widow and two children of John Dean, killed in crossing the track of appellant.

The issues were a general denial and contributory negligence.    The facts are sufficiently shown in the opinion.

*Perryman & Gillespie,* for appellant.— 1.  The court erred in overruling defendant's motion for a new trial, because the evidence shows that the deceased John Dean came to his death solely by reason of his own negligence and want of care, and that said negligence and want of care on his part was the immediate and proximate cause of his death, and no amount of care or vigilance on the part of defendant, its agents, servants, or employes, could have avoided the accident or prevented his death. Railway v. Bracken, 59 Texas, 73; Hoover v. Railway, 61 Texas, 504; Railway v. Houston, 95 U. S., 702; Railway v. Heilman, 49 Pa. St., 60; Railway v. Stansbury, 65 Md.; 648.

2.    The court erred in overruling defendant's motion for a new trial, because the evidence shows that the deceased John Dean was acquainted with the manner in which the cars were switched at Tyron Mill, and that he approached the track of defendant's railroad and started across it without stopping, or looking, or listening, when the view was unobstructed and the train was near and approaching, and thereby caused his own death.    Harland v. Railway, 64 Mo., 480; Cayney v. Railway, 69 Mo., 424; Moody v. Railway, 68 Mo., 470; Lenix v. Railway, 76 Mo., 86.

*Douglass & Lanier* and *Hal. W. Greer*, for appellees. — 1. The court did not err in overruling the motion for a new trial, in that the defendant was guilty of negligence in this: That the switch on which John Dean was killed only connected with defendant's railway at one end; that said switch was used as a common foot path and highway by the public and the employes at the saw mill to which it ran, and the duties of John Dean carried him back and forth over the switch at all hours of the day, and defendant's employes were charged with and had knowledge of such use of said switch; that the saw mill within a few feet of John Dean was in full operation, and its noise drowned that of approaching cars; that defendant cut its cars loose from its engine and "kicked" them down the switch without blowing its whistle or ringing its bell; that the brakeman was not on the lookout to avert injury to others, but was at the time engaged in "pulling a pin," and did not see deceased, or set the brakes, or try to do so, until deceased was killed. Railway v. Crosnoe, 72 Texas, 79; Kay v. Railway, 65 Pa. St., 269; Artz v. Railway, 34 Ia., 160; Harlan v. Railway, 64 Mo., 480; Carter v. Railway, 19 S. C., 20; Railway v. The State, 29 Md., 420.

2.    There being no complaint urged against the charge of the court, it is presumed the law of negligence and contributory negligence was correctly submitted to the jury, and where the issue of negligence and contributory negligence is fairly submitted to the jury as a question of fact for the jury to pass upon, this court will not disturb their verdict unless there is clearly no evidence to support it. Railway v. Eckford, 71 Texas, 279; Railway v. Greenlee, 70 Texas, 561; Railway v. Murphy, 46 Texas, 364.

HENRY, Associate Justice.—This suit was brought by the surviving widow and two children of John Dean to recover damages for his death, caused by his being run over by one of defendant's trains.

The defendant pleaded a general denial and contributory negligence. There was a judgment on the verdict of a jury for plaintiffs.

The errors assigned relate only to the refusal of the court to grant defendant a new trial upon the following grounds:

1. Because there was no evidence showing negligence on the part of defendant.

2. Because the evidence shows that the death of the deceased was caused solely by his own want of care.

The statement of facts shows that the injury occurred on a switch that had been run out from defendant's road at a saw mill, for the purpose mainly of loading lumber from the mill. The switch was about eleven hundred yards long, extending from the main track to a planing mill, and was straight, except that it was slightly curved where it joined the main track.

The saw mill was situated about half way from the main track to the planing mill, and only a few feet from the track. On the opposite side of the switch from the mill was situated a building called the file room. This building was used for filing saws, and was situated seven or eight feet from the switch track. The deceased filed saws in this building. He and all of the other employes about the mill were in the constant habit of crossing and walking along the switch track.

On the day that the injury occurred the conductor had left the train, and some cars were being moved on to the side track. The cars that caused the injury had on them a brakeman. The engine had been detached from them, and they had been kicked on to the switch, the engine not following them. The brakeman at the moment of the injury had turned his back toward the direction that the detached cars were going, to draw the coupling pin. He testified that before he turned for that purpose he was looking ahead and saw no one on the track.

The evidence is conflicting as to how fast the detached cars were being propelled. The weight of it was that the speed was much greater than was usual. The station engine had been blown on the arrival of the train, but had not been before or during the time the switch was being made. The mill machinery was making a louder noise than did the detached cars that were going past the mill. The work of the deceased, when he was filing saws, also made a noise which would drown that of the approaching cars. There is some evidence that the view of the switch track in the direction of the main track from whence the detached cars were coming was somewhat obscured to a person standing in the door of the file house, but none that the view would be obscured to a person advanced a few feet from the door toward the switch track.

Gordan, a witness for plaintiffs, testified, "I saw Mr. Dean when he was struck. He came out of the file room; just as he got on the rail the cars struck him. Two cars passed over him. Mr. Dean came out of the file room, going toward the mill across the track when the train struck him. Mr. Dean's business called him back and forward across the track; other men cross it also; they have to use it to get to the mill. It is commonly used by the men passing backward and forward. Mr. Dean was coming right straight across the track. He could have seen the train if he had looked up the track after he got out of the house. The cars struck him just as he got to the fireman's rail—that is, the rail nearest the file room; the cars struck him just as he got his foot across the rail. He was struck by the body of the car on his shoulder. I don't know whether or not he had both feet over the rail. The cars were very close to him when he got on the track. He could have seen the cars from the file room door if he had looked up. He was not looking that way. He was looking toward the mill."

This evidence is not contradicted. But one conclusion can be drawn.

from it, and that is that when there was nothing to prevent his seeing his danger he heedlessly stepped upon the track at the very moment of the collision.

It may be conceded that the manner of propelling the cars was, under the circumstances, an act of negligence upon the part of the defendant, and yet it must be held that the deceased exercised no care, and that his own want of it was the immediate cause of his injury.

There is nothing in the record to indicate that after it became evident that he was going to place himself in a position of danger, it would have been possible for the defendant, by the use of any degree of skill or watch-fulness, or by the use of any known appliances, to have stopped the cars in time to have saved him.

The fact that on account of the noise of the mill he could not hear the approach of the cars can not be held to excuse him from the duty of using his eyes to see them. If anything, it emphasized that duty.

We think the defense of contributory negligence was sustained by the evidence without there being anything to the contrary.

For the error of the court in overruling defendant's motion for a new trial, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered February 11, 1890.