## V. C. SAUFLEY v. THE STATE.

### No. 3243.   Decided October 25, 1905.

**1.—Local Option—Notice of Appeal—Recognizance—Jurisdiction—Statutes Construed.**

Where upon appeal from a conviction of a violation of the local option law, defendant's notice of appeal and recognizance were entered on the same day, and twelve days subsequent thereto he filed a motion amending his original motion for new trial, by consent and agreement of the trial judge. Held that under article 884, Code Criminal Procedure, and 883 and 886 id., the trial court had no further jurisdiction and the case was pending in the Court of Criminal Appeals.

**2.—Same—New Recognizance—Amended Motion for New Trial—Jurisdiction.**

Where on appeal in a misdemeanor, appellant's motion for rehearing in this court did not show that he offered or did enter into a new recognizance, but that he moved the lower court to set aside his notice of appeal, the entry of judgment overruling the motion for new trial, and grant him permission to file an amended motion for new trial, which the court granted; and he desired a writ of certiorari to perfect the record, the Court of Criminal Appeals would not have jurisdiction to entertain such a case for want of a new recognizance, even if it should grant appellant's motion for rehearing.

Appeal from the County Court of Camp. Tried below before Hon. J. D. Bass.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and thirty days confinement in the county jail.

The opinion states the case.

*John W. Hooper, E. A. King* and *M. M. Smith,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This conviction was for violating the local option law, the penalty imposed being a fine of $50 and thirty days confinement in the county jail. The original motion for new trial was filed and overruled on August 7, 1905; and the recognizance was entered into on the same day. Subsequently the amended motion for new trial was filed, on August 19, 1905—twelve days after the appeal was perfected to this court; and consequently the amended motion cannot be considered. The original motion merely insists that the evidence is not sufficient. In our opinion the evidence amply supports the finding of the court. There are no bills of exception in the record. No error appearing, the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### December 20, 1905.

BROOKS, JUDGE.—The judgment was affirmed at a former day of this term, and is now before us on rehearing. Appellant's motion for rehearing insists that the court was in error in refusing to consider his amended motion for new trial filed in the lower court twelve days after the overruling of the motion for new trial, contending that the trial judge agreed with appellant's counsel to set aside the judgment overruling the motion for new trial, notice of appeal, and recognizance, and grant him permission to file the amended motion for new trial, and demanding a writ of certiorari to perfect the record in this respect. Article 884, Code Criminal Procedure, provides: "The effect of an appeal is to suspend and arrest all further proceedings in the case in the court in which the conviction was had until the judgment of the appellate court is received by the court from which the appeal is taken; provided, that in case where, after notice of appeal has been given, the record or any portion thereof is lost or destroyed, it may be substituted in the lower court, if said court be then in session, and when so substituted the transcript may be prepared and sent up as in other cases," etc. The court say in Quarles v. State, 37 Texas Crim. Rep., 362, "After the appeal had been consummated, the trial court had no authority to enter the orders or to take the proceedings until this court had disposed of said appeal. * * * It would seem, from a proper construction of this statute (article 884, Code Criminal Procedure) that, pending appeal to this court, the trial court, from which said appeal is taken, can take no steps with reference to the case until this court

has finally disposed of said appeal, except where some portion of that record has been lost or destroyed, after notice of appeal has been given.  *  *  *   Under that statute, after the appeal has been consummated, the trial court could take no action whatever in the case, could not amend the record in any manner," etc.   Article 883, Code Criminal Procedure, provides: "An appeal is taken by giving notice thereof in open court, and having the same entered of record."   Article 886 provides, "When the defendant appeals in any case of misdemeanor *  *  *  he shall  *  *  *  be committed to jail, unless he enter into recognizance to appear as hereinafter required; and if he be not in custody, his notice of appeal shall have no effect whatever until he enter into recognizance.". So it is evident appellant "had consummated" his "appeal," by giving the notice of appeal and entering into recognizance, and the trial court had no further jurisdiction.   Besides, appellant's motion for rehearing does not show that he offered or did enter into a new recognizance, but that he moved the court to set aside his notice of appeal, the entry of judgment overruling the motion for new trial, and grant him permission to file an amended motion for new trial, which the court granted; and he desired writ of certiorari to perfect the record.   Even should we grant this motion, this court would not have jurisdiction to entertain his appeal because the appellant did not enter into a new recognizance after the court denied his amended motion for new trial, but bases his appeal on his recognizance entered into on August 7, 1905, when his amended motion was filed and refused by the court on August 19th.   The motion for rehearing is accordingly denied.

*Rehearing refused.*