FT. WORTH & DENVER CITY RAILWAY COMPANY v. HETTIE HOUSTON.

No. 3040. Decided October 26, 1921.

(234 S. W., 385.)

### 1.—Discovered Peril—Burden of Proof.

To entitle a plaintiff to recover for injury by being struck by a locomotive engine, in spite of the existence of contributory negligence, it is necessary to show discovery by those operating it of plaintiff's perilous position, and that they could, by the exercise of proper care, have stopped it in time to avoid the injury. (P. 329).

### 2.—Same—Charge.

An instruction holding a railway liable despite plaintiff's contributory negligence if its employees discovered plaintiff's position of peril on the track and thereafter negligently failed to use due care to stop the engine and avoid the collision was erroneous in omitting the element, necessary to recovery in such case, that the injury could then have been avoided by the use of such care. (Pp. 328, 329).

### 3.—Same.—Independent Defenses.

Where, of several contentions made by defendant, either should, if sustained, relieve from liability, they should not be submitted conjunctively as constituting a defense only if all were established, but in such way as to permit a finding in defendant's favor on either issue to relieve from liability. (P. 329).

### 4.—Same.

A charge relieving defendant from liability in case plaintiff was found guilty of contributory negligence only in the event that defendant was not negligent, and that he did not discover plaintiff's peril, and that he could not by the use of reasonable care avoid the injury after discovery of it, was erroneous in requiring all such independent defenses to concur in order to relieve from liability, and did not cure error in another charge on discovered peril. (Pp. 329, 330).

### 5.—Confusing Charges.

See charges held, as a whole, to be confusing and misleading and to put too great a burden of proof on defendant. (P. 330).

### 6.—Charge—Objections.

Objections to the charge of the court not made in the proper time and manner on the trial of the case cannot be considered as ground for reversal. (P. 330).

Error to the Court of Civil Appeals for the Second District, in an appeal from Wichita County.

Hettie Houston sued the railway company and obtained judgment. This was affirmed on appeal by defendant (185 S. W., 919) who thereupon obtained writ of error.

*Carrigan, Montgomery & Britain, F. S. Jones, Thompson & Barwise,* and *G. W. Wharton,* for plaintiff in error.

The court erred in the 4th paragraph of the court's main charge, for the reason that the court authorized the jury to find against plaintiff in error on the issue of discovered peril, regardless of the question of whether plaintiff in error's employees could have stopped the engine in question in time to have prevented injuring defendant in error, after the peril of defendant in error was discovered by the employees operating the engine in question, there being evidence raising the issue that after the plaintiff in error's employees discovered the defendant in error they could not, by the exercise of ordinary care on their part, have stopped the engine in time to have prevented striking defendant in error.   M. K. & T. Ry. Co. of Tex. v. Eyer, 96 Texas, 72; M. K. & T. Ry. Co. of Tex. v. Eyer, 69 S. W., 453; M. K. & T. Ry. Co. of Tex. v. James, 55 Texas Civ. App., 588 120 S. W., 269; H. & T. C. Ry. Co. v. O'Donnell, 99 Texas, 636; Ft W. & D. C. Ry. Co. v. Shetter, 94 Texas, 196; T. & P. Ry. Co. v. Breadow, 90 Texas, 26.

The court erred in refusing to give plaintiff in error's requested charge to find for defendant if, after plaintiff in error's employees discovered the peril of defendant in error, they could not have stopped the engine in question to prevent the accident.   That it had the right to have this affirmative charge given:   Wichita Falls Trac. Co. v. Adams, 107 Texas, 612, 183 S. W., 155; St. L. S. W. Ry. Co. of Tex. v. Hall, 98 Texas, 480, 488; Yellow Pine Oil Co. v. Noble, 101 Texas, 125; El Paso & S. W. Ry. Co. v. Foth, 101 Texas, 133.   The following are authorities on the proposition that the charge requested should have been given:   M. K. & T. Ry. Co. of Tex. v. Eyer, 96 Texas, 72; H. & T. C. Ry. Co. v. O'Donnell, 99 Texas, 936; Ft. W. & D. C. Ry. Co. v. Shetter, 94 Texas, 196.

On the duty of defendant in error to look out for her own safety, see the following authorities:   I. & G. N. Ry. Co. v. Edwards, 100 Texas, 22; F. W. & D. C. Ry. Co. v. Hart, 178 S. W., 795.

The following are authorities on the proposition that defendant in error's view being unobstructed, she cannot be heard to say that she did not see the engine approaching:   F. W. & D. C. Ry. Co. v. Hart, 178 S. W., 795; Paul v. Philadelphia & Reading Ry. Co. 23, Am. & Eng. Ann. Cases (1912B) 1132.

See the following as authority on the proposition that at the time of year and day that the accident occurred, it was not dark and there was no necessity for headlight:   Cyc. Vol. 16, 856 Sec. 11, and authorities cited in the note.

On the proposition that the issue of discovered peril is not in this case, see. H. & T. C. Ry. Co. v. O'Donnell, 99 Texas, 636, 640; F. W. & D. C. Ry. Co. v. Shetter, 94 Texas, 199.

The following authorities hold that there must be more than a scintilla of evidence to raise an issue, and that the unimpeached testimony of witnesses cannot be disregarded: Grand Fraternity v. Melton, 102 Texas, 399; First State Bank of Amarillo v. Jones, 183 S. W., 874; G. H. & S. A. Ry. Co. v. Bracken, 59 Texas, 74; S. A. & A. P. Ry. Co. v. McMillan, 100 Texas, 562, 102 S. W., 103.

*Bonner & Bonner,* for defendant in error. *Wm. N. Bonner, A. A. Hughes,* and *J. R. Ogle,* of counsel.

There was evidence from which the jury was entitled to find that the appellee was not guilty of contributory negligence. Railway Co. v. Harris, 22 Texas Civ. App., 16, 53 S. W., 600; Railway Co. v. Tirres, 33 Texas Civ. App., 362, 76 S. W., 806; Railway Co. v. Matthews, 34 Texas Civ. App., 302, 79 S. W., 73; Railway Co. v. Frugia, 43 Texas Civ. App., 48, 95 S. W., 564; Railway Co. v. Murphy, 46 Texas, 356; Railway Co. v. Gasscamp, 69 Texas, 545, 7 S. W., 227; Frugia v. Railway Co. 82 S. W., 815.

The fourth paragraph of the court's charge, especially when taken in connection with the sixth paragraph, is not subject to the criticism set out in plaintiff's first proposition under first assignment for the reason that the court in the said fourth paragraph instructs the jury to find for the plaintiff if they are satisfied from the evidence that the defendant's servants in charge of said engine negligently failed to use such care and attention, skill and effort to stop or check up said engine. It is apparent to anyone that if said employees could not stop the engine with safety they could not be negligent in failing to do so. In addition to this, the court further elucidates and explains in the sixth paragraph of his charge by telling the jury that after the defendant's employees discovered the plaintiff's peril if they could not, by the use of reasonable care, stop said engine with safety to defendant's property and train crew, to find for the defendant, which instruction conforms strictly with the requirements of appellant in its said proposition. Same authorities.

There was in this case abundant evidence, or at least evidence to require the issue of discovered peril and whether or not the defendant's employees used proper diligence or reasonable diligence to prevent the injury after the peril was discovered, to be submitted. Railway Co. v. Gibson, 35 Texas Civ. App., 66, 79 S. W., 351; Railway Co. v. Patterson, 102 S. W., 138; Railway Co. v. Munn, 102 S. W., 442; Railway Co. v. Miller, 35 Texas Civ. App., 116, 79 S. W., 1109; Railway Co. v. Magee, 92 Texas, 616; Railway Co. v. Weatherford, 26 Texas Civ. App., 20, 62 S. W., 101.

MR. JUSTICE PIERSON delivered the opinion of the court.

Defendant in error, Hettie Houston, instituted this suit for damages for personal injuries received by her in a collision with one of plaintiff in error's locomotives. She alleged that while attempting to cross plaintiff in error's railway track, near a public crossing in the City of Wichita Falls, plaintiff in error's servants and employees operating a locomotive engine suddenly and silently approached, while it was dark, without blowing the whistle or ringing the bell, and without having the engine lighted so as to give warning of its approach. She alleged also that after plaintiff in error's servants in charge of its engine discovered that she was in a place of imminent danger they could have stopped said engine in time to have avoided injuring her, but that they negligently failed to do so, and were guilty of negligence in failing to exercise care to warn her of the approaching engine.

Plaintiff in error denied the allegations of negligence charged and that its servants could have stopped the engine in time to have avoided striking defendant in error, and specially pleaded contributory negligence on the part of defendant in error.

A trial was had before a jury, who returned a verdict in favor of defendant in error and assessed her damages in the sum of $300.

Plaintiff in error perfected its appeal to the Honorable Court of Civil Appeals for the Second Supreme Judicial District, and upon an affirmance of the case by that court brings the case here upon writ of error.

The issue of contributory negligence was vigorously presented in the testimony, as was also that plaintiff in error's employees in charge of its engine after discovering defendant in error's peril could not have stopped the engine in time to have avoided striking her.

In paragraph four of the its charge the trial court undertook to charge the elements of liability necessary to defendant in error's recovery, and upon which the burden of proof was upon defendant in error.

Plaintiff in error objected to said paragraph, and here presents as a ground of error that, under the facts of this case, said paragraph omitted an element of liability necessary to be established before it could be held liable, in that said paragraph failed to instruct the jury that before they could find for defendant in error under the law of discovered peril, regardless of contributory negligence on her part, they must find that its employees in charge of its engine, after discovering defendant in error's peril, by the use of proper care could have stopped the engine in time to have avoided striking her; and that said paragraph together with subsequent instructions placed a greater burden upon it than is required by law.

Paragraph four of the court's charge is as follows:

"Now if you find and believe from the evidence in this case that plaintiff was walking along side of defendant's track, or was at-

tempting to cross the same, and if you further believe from the evidence that the agents, servants or employees of defendant company in charge of the engine, did not blow the whistle or ring the bell as provided by law, and if you further find from the evidence that plaintiff was not negligent in walking along side of said track or in attempting to cross the same, or if negligent, yet if you are satisfied from the evidence that after plaintiff was discovered on the track, defendant's servants in charge of the engine, negligently failed to use such care, and attention, skill and effort to stop or check up the train and avoid collision with the plaintiff, as they reasonably should have done after it reasonably became apparent to them that plaintiff would not get off of or away from said track, and if plaintiff received injuries through the fault and negligence of such agents and servants of the defendant company in charge of said engine, then, if you so believe, you will find for the plaintiff such an amount as you may find from the evidence she is entitled to, unless you should find for the defendant under other instructions hereinafter given you.''

Paragraph five defines contributory negligence.

Paragraph six is as follows:

''Now, if you find and believe from the evidence that Hettie Houston, the plaintiff, was walking along side of defendant's track, or was attempting to cross the same, and did not use her eyes and ears in such a way as a person of ordinary sense and discretion should have done and if you further find from the evidence, that the bell was rung or the whistle blown, and if you further find and believe from the evidence that defendant's servants in charge of said engine did not have any reasonable grounds to believe that plaintiff would not get off or away from the track in time to avoid being run against, and if you further find and believe from the evidence that at the time the servants and agents of the defendant company first discovered plaintiff on or near said track, they could not, by the use of all reasonable skill, care and effort at hand, have stopped said engine, consistent with the safety of defendant's property and the train crew and avoid running against her, after it became manifest that she did not intend to get off or away from said track, then you will find for the defendant.''

Paragraphs eight and nine charge the burden of proof as follows:

Paragraph eight:

''The burden of proof rests upon the plaintiff to establish by a preponderance of the evidence that the whistle was not blown or the bell rung as charged above, and the damages, if any, that were sustained by her.''

Paragraph nine:

''The burden of proof rests upon the defendant to establish by a preponderance of the evidence that plaintiff was guilty of contributory negligence.''

Before defendant in error can recover of plaintiff in error in this case under the law of discovered peril, she must show that after the discovery of the peril by plaintiff in error's servants they could, by the use of proper care, have stopped the engine and avoided the injury. Missouri K. & T. R'y Co. of Texas v. Eyer, 96 Texas, 72; Same case, 69 S. W., 453; Missouri K. & T. R'y Co. of Texas v. James, 55 Texas Civ. App., 588, 120 S. W., 269.

Defendant in error insists that the omission is cured and the error corrected in paragraph six of the court's charge. But paragraph six is quite as erroneous as paragraph four. An examination of it discloses that the different elements of liability are *conjointly* presented to the jury. In other words, *all* the issues named therein must be found in plaintiff in error's favor before it would be entitled to a verdict in its favor under said charge.

Aside from the issues of negligence made by defendant in error in regard to the ringing of the bell, the blowing of the whistle, or in not having the headlight burning, and aside from any contributory negligence on the part of defendant in error, she pleaded and urged that even if plaintiff in error was not liable for her injuries upon these issues, and though she should be found guilty of contributory negligence, yet that plaintiff in error's servants, in charge of its engine, discovered her peril in time to have stopped the engine and to have avoided striking her.

Plaintiff in error was entitled to have a finding by the jury upon these issues separately and disjointly, and upon the issue of discovered peril separate and apart from the other issues. In fact, the issue of discovered peril arises not in conjunction with, but apart from, these other issues, and plaintiff in error would not be liable thereunder unless its servants discovered defendant in error's peril, and in time, by the use of proper care, to have stopped the engine and avoided striking her.

The error in paragraph six is apparent, and of itself necessitates a reversal of the jugment, because it imposes too great a burden upon plaintiff in error.

To be sure paragraph six does tell the jury that if they find and believe from the evidence that plaintiff in error's servants, after discovering defendant in error's peril, could not have stopped the engine in time to have avoided striking her, to find for the plaintiff in error. But, as stated above, it is given in conjunction with other elements of liability and with the charge upon contributory negligence of defendant in error, and was followed by charges on the burden of proof, charging the burden to be upon plaintiff in error as to contributory negligence. The jury very reasonably could have believed, and doubtless did, that along with the contributroy negligence of the defendant in error, the burden of proof of which was upon plaintiff in error, it also must prove, and the burden was upon

it to prove, that its servants could not have stopped the engine in time to have avoided the collision, before they could find for it.

The charges on burden of proof in paragraphs eight and nine of the charge do not lessen, but increase, this probability, and we think that the charge taken as a whole is confusing and misleading and places too great a burden upon plaintiff in error.

Further complaint is made of paragraph four of the court's charge, wherein, it charges: "Yet if you are satisfied from the evidence that after plaintiff was discovered on the track, defendant's servants in charge of the engine negligently failed to use such care, and attention, skill and effort to stop or check up the train and avoid collision with the plaintiff as they reasonably should have done," etc., to find for plaintiff; the complaint being that part of the charge limited the jury and instructed them that the employees of plaintff in error had to do specific things in order to avoid striking defendant in error, and did not apply the correct rule of law thereto, and ignored the efforts by the plaintiff in error's fireman wherein he hallooed and attempted to warn defendant in error of the approaching engine. Missouri K. & T. Ry Co. of Texas v. Reynolds, 103 Texas, 31, 122 S. W., 531.

Plaintiff in error failed to include this ground of error in its objections to the charge of the trial court in the time and manner required by law, and therefore it cannot be considered. We do not deem it necessary to discuss other assignments.

For the errors indicated, the judgment of the District Court and that of the Court of Civil Appeals are reversed, and the cause is remanded.

*Reversed and remanded.*