**FRIAS et al. v. GALVESTON, H. & S. A. RY. CO. (No. 1682.)\***

(Court of Civil Appeals of Texas. El Paso. Nov. 13, 1924. Rehearing Denied Nov. 26, 1924.)

1. **Appeal and error** &#9750;854(5)—**Assignment of unsound reasons for directing verdict not ground for reversal, where verdict was properly directed.**

Court's assignment of unsound reasons for directing a verdict is not ground for reversal, where verdict was properly directed.

2. **Railroads** &#9750;327(2)—**Pedestrian who could have seen train held negligent.**

Pedestrian who tried to cross in front of moving train of which she had had an unobstructed view on approaching crossing, and which she could have seen or heard if she had looked and listened, *held* contributorily negligent as a matter of law.

3. **Negligence** &#9750;136(9)—**Question for jury, except where only one reasonable conclusion can be drawn.**

Negligence and contributory negligence, while ordinarily questions of fact for jury, become questions of law when but one reasonable conclusion can be drawn from the circumstances.

---

&#9750;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

\*Writ of error dismissed for want of jurisdiction January 14, 1925.

**4. Railroads** ☞338 — **Trainmen discovering peril must use ordinary care to avoid injury.**

Trainmen on discovery of peril of contributorily negligent pedestrian are required to exercise ordinary care to avoid injuring her.

**5. Railroads** ☞330(3)—**Failure to give statutory signals on approaching crossing did not make railroad liable.**

Mere failure to give statutory signals on approaching crossing did not make railroad liable for death of pedestrian, where the approach of the train was plainly visible and audible, and pedestrian walked on the track without paying attention to it.

**6. Railroads** ☞346(5)—**Burden of proof on issue of discovered peril held on plaintiffs.**

In action for death of pedestrian at crossing, plaintiffs, having alleged that railroad's employees discovered pedestrian's peril in time to have stopped train and to have avoided accident, had burden of proving that the employees, after discovery of her peril, could by use of proper care have stopped train and avoided accident.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by Louisa Frias and husband and others against the Galveston, Harrisburg & San Antonio Railway Company. Judgment for defendant, and named plaintiffs appeal. Affirmed.

R. W. McConnell, of El Paso, for appellants.

Kemp & Nagle and H. Potash, all of El Paso, and Baker, Potts, Parker & Garwood, of Houston, for appellee.

WALTHALL, J. Louisa Frias, joined by her husband, Refugio Frias, Rosalia S. Rodrigues, joined by her husband, Meliton Rodrigues, and Felicitas S. Olivas, joined by her husband, Refugio Olivas, brought this suit against the Galveston, Harrisburg & San Antonio Railway Company to recover damages for injuries resulting in the death of Anaclita Fierro, mother of Louisa Frias, on or about the 19th day of January, 1924. No recovery was claimed for any of the plaintiffs except Louisa Frias and her husband, Refugio Frias.

Plaintiffs alleged that on or about the date above stated Anaclita Fierro, while walking along the public road across the railroad tracks of defendant about 10 miles east of El Paso, and while using due care for ascertaining whether any train was approaching, was struck by a train of the defendant railroad company upon said crossing and was killed; that the defendant was negligent in operating said train, stating the negligence to be the failure to give the statutory signals for public road crossing, and that the deceased was using due and ordinary care, and was proceeding in a careful manner in crossing the tracks of the railroad company; pleaded discovered peril;

that the deceased rendered certain services to her daughter and son-in-law, Louisa Frias and Refugio Frias, stating the services rendered and their value, and asked for a recovery against the railroad company for the value of said services.

Defendant answered by general demurrer, general denial, and specially denied any negligence on its part, and alleged negligence and contributory negligence on the part of deceased; further pleaded a release executed by Louisa Frias and her husband, Refugio Frias, to the said railroad company which was in full satisfaction of all claims of the said Refugio and Louisa Frias in connection with the circumstances causing the death of the deceased.

Plaintiffs answered the plea of release by denial of accord and satisfaction, and a plea that the consideration was not sufficient and was not adequate, and further alleged that said Louisa Frias and Refugio Frias at the time of the execution of said release were suffering from severe mental effects resulting from the shock to them of Anaclita Fierro's recent death, and that they did not at the time fully realize and understand the full effect of what they were doing, and that they were induced by the acts of the defendant, its agents, etc., stating them, which plaintiffs characterize as undue advantage and fraud in obtaining their signatures to said release.

The case was tried with a jury, and at the conclusion of all the evidence the court instructed a verdict for the defendant, and based on the verdict of the jury judgment was entered.

Plaintiffs Louisa and Refugio Frias duly filed a motion for a new trial, which was overruled, and notice of appeal given.

#### Opinion.

Appellants present one assignment of error, and based thereon they make four propositions. The propositions sufficiently disclose the matters complained of. They are as follows:

"First. Where the evidence raises the issue of plaintiff's incapacity to execute a release at the time same is executed and signed, an issue of fact is raised for the jury to pass upon.

"Second. Where the evidence raises the issue of mutual mistake it is an issue of fact for the jury to decide.

"Third. Where the evidence raises the issue of fraud and overreaching in connection with the execution of a release, said issue, being one of fact, should not be taken from the jury.

"Fourth. Where the pleadings and the evidence raise issues of fact (having reference to the release), same should be allowed to go to the jury."

The assignment and the propositions thereunder complain only of the action of the

court in not submitting to the jury the issue of the release.

One of appellee's counter propositions is to the effect that, where a directed verdict is proper, it makes no difference that a wrong reason, where one is given, was assigned for directing such verdict.

[1] The above, we think, states a correct proposition of law. If, upon the evidence disclosed by the record, the court should have instructed a verdict for the defendant, the fact that the reason assigned by the court for the instruction given was not sound would not authorize a reversal of the judgment. Woiten v. American U. S. Ins. Co. (Tex. Civ. App.) 51 S. W. 1105; Steddum v. Kirby Lumber Co. (Tex. Civ. App.) 154 S. W. 274. While the latter case was reversed, it was on grounds other than the announcement of the above ruling. Steddum v. Kirby Lumber Co., 10 Tex. 513, 221 S. W. 920.

It would serve no good purpose to discuss the question of error in not submitting the Issue raised on the matter of the release, if on other issues the evidence is such as to justify the instructed verdict for appellee.

[2, 3] It is evident both from the pleading of appellants and the undisputed evidence that at the point where the public road crosses the railroad track the railroad track was straight, and there were no obstructions to prevent one seeing the approach of the train for a great distance in the direction from which the train came. At the point of intersection of the public road and the railroad the railroad track runs practically east and west, and the public road runs north and south, and the train that caused the death of deceased was a freight train of some 31 cars and going east. People living in the neighborhood of the place where the public road crosses the railroad track testified on the trial, and their testimony is uncontradicted. They said they both heard and saw the train as it approached the crossing, and one witness saw the deceased as she approached the crossing from the north and when within a few steps from the train, and testified that she was looking in the direction she was going, that is, directly across the track toward the south, and did not think she saw the train. That the deceased was not deaf, never used glasses, and could both hear and see well; that the accident causing the death of deceased occurred about 4:30 or 5 o'clock in the afternoon and that it was a clear, sunshiny day. At the point of intersection of the road and the railroad track the railroad is double tracked, and the train approached the crossing on the second track from which deceased approached the crossing. The evidence is lengthy, and we think we need not quote it at length. The evidence is not conflicting, and, we think, clear-ly establishes the facts above stated. It is settled law in this state that negligence and contributory negligence, while ordinarily questions of fact for the jury, do become questions of law when but one reasonable conclusion can be drawn from the facts and circumstances of the case. Ferrell v. Traction Co. (Tex. Com. App.) 235 S. W. 531; Kirksey v. Southern Traction Co., 110 Tex. 190, 217 S. W. 139; T. & N. O. R. Co. v. Harrington (Tex. Com. App.) 235 S. W. 188; G. H. & S. A. Ry. Co. v. Price (Tex. Com. App.) 240 S. W. 524.

In this case, as said in the last above cited case, the specific question here presented is whether one who in the possession of her faculties goes immediately in front of a moving train the approach of which is unobstructed from her view, and which could be seen and heard by her by the use of her ordinary faculties or by taking any precaution whatever, is guilty of contributory negligence as a matter of law when she fails to use her ordinary faculties and as a result thereof is killed. The following cases have passed upon the question as above stated, and the affirmative view reached: Railway v. Brocken, 59 Tex. 71; Railway v. Kutac, 72 Tex. 647, 11 S. W. 127; Railway v. Dean, 76 Tex. 73, 13 S. W. 45; Railway v. Edwards, 100 Tex. 22, 93 S. W. 106; G. H. & S. A. Ry. Co. v. Price (Tex. Com. App.) 240 S. W. 524.

The reason for the rule as above is well stated by Judge McClendon in Gulf, C. & S. F. Ry. Co. v. Gaddis et al. (Tex. Com. App.) 208 S. W. 895, in which it is said the law will not permit one in possession of his faculties, and charged with the knowledge that a railroad track is a dangerous place, to go upon a railroad track even at a public highway without being charged with a recognition of the danger attending such action and the use of such care as ordinary prudence would dictate in so doing. In Sanches v. Railway, 88 Tex. 117, 30 S. W. 431, Judge Denman, in delivering the opinion for the Supreme Court, said, when from the testimony on the issue of negligence no inference but negligence can be drawn, it becomes a question of law, and the court may instruct the jury that negligence has been established.

[4] The only question remaining which we need discuss, arising out of the facts and circumstances found in the record, though in no way referred to by appellants in their brief, is one of negligence on the part of the appellee, growing out of the issue of failure to give the statutory signals for that crossing, and discovered peril. If the employees operating the train discovered the peril in which the deceased had placed herself, a new duty devolved upon them— that of exercising ordinary care to avoid injuring her. Appellants alleged that the

engineer and other employees operating said train had a clear view of the road crossing said tracks for a mile or more with nothing to obstruct their view; that they saw deceased approaching said tracks and go upon same and were aware of her peril, and that she would be injured unless they used all means at their command to prevent said injury, but that they failed to give warning of the approach of the train after discovering deceased's situation of peril, and failed to use means to avoid injuring her.

Several witnesses testified that they saw and heard the train as it approached the crossing, but did not hear the whistle or bell ring. The only eyewitness to the accident besides the engineer was Juan Frias. He said he was about a block from the crossing, and saw deceased when she was about 20 steps from the crossing and was going across the crossing and looking the way she was walking. He then again saw deceased about 5 steps from the train, and thought she passed the train. The witness' statement as to the distance the train was from the crossing when he first saw the deceased about 20 steps from the crossing and going toward the crossing is not clear. When the deceased had reached within about 5 steps of the crossing he said the "engine was pretty close," but did not see the train strike her, and thought she had passed. The above is all the evidence we find in the record as to the distance the deceased was from the crossing as the train reached the crossing, except the statement of the engineer.

Ira Kunz, the engineer operating the train, testified to having sounded the whistle at the whistling post 80 rods in advance of the crossing. When within five or six freight car lengths of the crossing he discovered the deceased going toward the crossing in a stooping position and head wrapped. When he saw her cross on the crossing, and was then between the two main lines, he then whistled again, shut off steam, and immediately used all emergency and other appliances to stop the train, stating the means used. The train was running thirty-three miles an hour. The grade was water grade, that is, almost level. Other train employees testified that the whistle was blown and the bell was rung.

[5] Conceding, for the purpose of stating the rule, that the evidence presented an issue of fact as to whether the whistle was blown or the bell rung, it was held by the Supreme Court in I. & G. N. R. Co. v. Edwards, 100 Tex. 22, 93 S. W. 106, that Edwards could not recover for injuries sustained in a railroad crossing accident, merely because the statutory signals were not given, where the approach of the train was plainly visible and audible, and he walked on the track without paying attention to it, merely because the signals were not given. In discussing the case Judge Williams said:

"While persons using a railway crossing have the right to expect that the law requiring signals will be obeyed, this is not a substitute for the duty of exercising care for themselves, and they are not excused from that duty by the fault of the other party."

In that case a jury was used on the trial, the evidence was conflicting, and the issue of whether the statutory signals were given was submitted to the jury, and the jury found in favor of Edwards, (Saufley v. State, 48 Tex. Cr. R. 563, 90 S. W. 640), but on appeal, as seen, the Supreme Court held the law to be well settled as above stated, and reversed the case and rendered the judgment. Appellants alleged that the deceased in approaching the crossing exercised due care for her safety, but there is no evidence that she did do so, and the evidence seems to be to the contrary. Appellants were not entitled to have the case submitted to the jury on the facts shown by the record, as held in the last above case solely on the issue of negligence in not giving the statutory signals.

[6] Appellant pleaded that appellee's servants operating the train discovered deceased's peril in time to have stopped the train and to have avoided injuring her. The burden of proof is on the appellants to show that after the discovery of the peril by the operatives of the train they could, by the use of proper care, have stopped the train and avoided the accident. Fort Worth & D. C. Ry. Co. v. Hetty Houston, 111 Tex. 324, 234 S. W. 385, and cases there referred to.

It is apparent from the record that no effort was made on the part of appellants to discharge that burden except to show by the witnesses that they did not hear the whistle blow or bell ring. As said by the court in the Houston Case, supra, the issue of discovered peril arises not in conjunction with, but apart from, the issue of negligence of failure to give the statutory signals, and appellee would not be liable on the issue of discovered peril, unless its servants discovered deceased's peril, and in time, by the use of proper care, to have stopped the train and avoided striking her.

The appellee seems to have assumed the burden on the issue of discovered peril and, so far as it is made to appear, showed that everthing was done that could be done to stop the train, after discovering the peril of deceased.

Appellants do not in the testimony or in their brief suggest anything that was not done that could have been done to stop the train.

Finding no reversible error, the case is affirmed.