GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. MARY E. RYON ET AL.

No. 3065.

1. **Negligence of Party Injured.**—We are of opinion that as a matter of fact at least it is negligence for one to go upon a railway track and stand there until he is knocked off by an engine.

2. **Same—Deafness.**—The fact that the deceased was deaf made it all the more negligent to risk his life by standing upon the railway track without exercising his sight to avoid danger from an approaching train.

APPEAL from Fort Bend.    Tried below before Hon. William H. Burkhart.

This is a second appeal.    The opinion in 70 Texas, 56, is referred to as containing a statement of the facts.    The opinion here gives other necessary matters.

*Perryman & Gillaspie*, for appellant.—The verdict and the judgment should have been for the defendant, because the evidence does not show that the death of the said Ryon was caused by the unfitness, gross negligence, or carelessness of defendant's servants or agents, but shows that the death was the result of his own negligence and careless conduct. Toomey v. Railway, Albany Law Jour., 475; Railway v. Ryon, 70 Texas, 56; Railway v. Dean, 76 Texas, 73; Sweeney v. Railway, 128 Mass., 5; Railway v. Houston, 95 U. S., 697.

It is no excuse that a man venturing on the track is deaf.    Toomey v. Railway, Albany Law Jour., 475; 32 Cent. Law Jour., 23, 24; Pac. Rep., 1074; Laicher v. Railway, 28 La. Ann., 320; Cogswell v. Railway, 6 Ore., 417.

Sound reason suggests that a man with defective hearing or sight should be all the more cautious about putting himself in such dangerous position.    The fact that the party has defective hearing emphasizes his duty to exercise his sense of sight.    Railway v. Dean, 76 Texas, 76.

One can not require of another to take better care of him than he takes of himself.    Railway v. Houston, 95 U. S., 697.

*Pearson & Ballowe*, for appellees.—When the evidence shows that from the common and notorious use of a railway track by the public as a highway for pedestrians without objection by the company men are likely to be on the track at that place at any time, the company's servants can not ignore such facts, and if they should ignore such facts and injury results therefrom, then such servants are guilty of such a want of proper care for human life as may amount to recklessness equivalent to willful injury and gross negligence.    It was a question in this case for the jury, under the circumstances, to determine whether defendant's servants used the proper care for the life and safety of persons likely to be on the track, or whether they so failed in care as to be guilty of gross negligence to Ryon, resulting in his death without negligence on his part.    These issues were correctly and properly submitted to the jury by the charge of the court.    Railway v. Crosnoe, 72 Texas, 79–85; Lewis v. Railway, 73 Texas, 507; Railway v. Hewitt, 67 Texas, 479; Barry v. Railway, 92 N. Y., 289; Pierce Ry. Law, 330; Thomp. on Neg., 448.

As to signals:    Rev. Stats., art. 4232.

GAINES, ASSOCIATE JUSTICE.—This is the second appeal in this case (70 Texas, 56).    The facts are very clearly and succinctly stated

in the opinion which was delivered on the former appeal. The evidence was precisely the same upon the two trials, except that upon the latter additional testimony was introduced which tended to show that the path which crossed the railway at the point at which deceased was standing when he was struck by the engine was in general and continual use by persons going between Richmond and the farms and residences between that town and the next station on the east.

Let it be conceded that the employes of the company who were operating the train which killed Ryon were guilty of negligence in not keeping a lookout in front of the engine, yet in order to entitle plaintiffs to recover one of two conclusions must be deducible from the evidence —either that the deceased himself was not negligent in going upon and standing on the railway track, or that the employes saw him in time to have stopped the train and failed to do so. It was virtually decided upon the former appeal that there was no evidence to warrant the latter conclusion. The first judgment was reversed because the court below gave a charge predicated upon the theory that the defendant's servants may have known that the deceased was on the track and failed to exercise reasonable care to avoid inflicting an injury upon him. This court held that was no evidence to justify the charge. In the opinion it is pointedly said: "If Ryon was guilty of negligence in going upon the track, and upon this issue we express no opinion, appellees can not recover under the facts of this case." In determining, therefore, the inquiry as to the sufficiency of the evidence to support the verdict, we are brought to the single question whether the testimony warranted the jury in finding that Ryon was not guilty of contributory negligence. Although as a very general rule negligence or not is a question of facts to be determined by the jury under all the circumstances of the particular transaction, yet some acts are so obviously dangerous and reckless that no court should hesitate to declare them negligent. And we are of opinion that, as a matter of fact at least, it is negligent for one to go upon a railway track and stand there until he is knocked off by an engine. The fact that the deceased was deaf made it all the more negligent to risk his life by standing upon the railway track without exercising his sight to avoid danger from an approaching train. The less ability one has to discover approaching danger the more careful he should be in going within its reach.

Because the evidence showed that Ryon was guilty of contributory negligence the court should have set aside the verdict and granted a new trial. For its failure to do so the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 27, 1891.