## MRS. MARY A. BENNETT ET AL. V. ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS.

Decided June 25, 1904.

**Contributory Negligence Defeating Recovery.**

Evidence considered and held sufficient to show contributory negligence on the part of deceased in stepping in front of a moving engine in a switching yard without exercising any care for his safety; and such contributory negligence justified a peremptory instruction releasing defendant from liability although its servants were negligent in not keeping a lookout and in violating a city ordinance in regard to speed of trains.

Appeal from the District Court of Smith. Tried below before Hon. R. W. Simpson.

*Duncan & Lasseter* and *A. Morgan Duke,* for appellant.

*E. B. Perkins, Marsh & McIlwaine,* and *N. A. Gentry,* for appellee.

GILL, ASSOCIATE JUSTICE.—This suit was brought by Mrs. Mary A. Bennett for herself and as next friend of her three minor children to recover for the death of her husband, which was alleged to have been due to the negligence of the appellee railway company. Mrs. L. C. Evans, the mother of deceased, joined in the suit. Appellee defended under the general denial and a plea of contributory negligence.

After hearing the evidence the trial court instructed a verdict for the company. From a judgment upon this verdict plaintiffs have appealed.

Deceased was in the service of appellee in the capacity of car repairer. His home was in Tyler and he resided in about one block of the passenger depot of appellee at that point. On the day of his death he was ordered to take passage on the passenger train west for the purpose of repairing cars at other points on appellee's line. This train was due at Tyler at ——, but on the occasion in question was a few minutes late. Deceased received the order only a short time before the train was due and went at once to the depot to make ready for his trip. It became necessary for him to go to the toolhouse to get some things which he desired to take with him on the trip and he started across appellee's tracks immediately north of the depot for this purpose, where he was run over by a backing switch engine and instantly killed.

According to the undisputed testimony the accident occurred under the following circumstances: Appellee's passenger depot is just south of and very close to its main track running east and west at that point. It is situated between the crossing of the International & Great Northern Railway on the east and Spring Street on the west. Just north of the depot and the main line are several switch tracks connected by switches.

When plaintiff reached the depot a considerable crowd had gathered to meet or to take passage on the incoming train and it had then whis-

tled for the station. The passenger train changes engines at Tyler, and the engine which was to draw it west from Tyler had been brought out and had just passed west to go in on the switch and await the arrival of the passenger train when deceased started to cross to the tool house. A switch engine had also passed to the west of the depot to come back east on a different track as soon as the passenger engine had cleared. It proceeded east at a speed estimated at from seven to fifteen miles an hour and struck deceased just as he stepped upon the track on which it was moving. This switch engine was backing east and deceased went upon the track in a northeasterly direction, but there was no obstruction between him and the approaching switch engine. It is made to appear beyond controversy that the engine was making the usual noise of the exhaust and that the bell was ringing. It may also be said to be established that the engineer sounded the whistle before starting back. The accident occurred in the daytime. Deceased was seen by bystanders to step upon the track within six or seven feet of the tender of the switch engine, and some one called to him but too late to save him. Neither the engineer nor fireman saw him. No one was stationed on the back end of the switch engine.

An ordinance of the city limited the speed of trains within the corporate limits to six miles an hour. The point where the accident occurred was within the corporate limits of the city. That deceased had the right to cross at that point is not questioned.

It was shown that deceased was familiar with the yards at Tyler and that switch engines without reference to stated times passed to and fro in the yards at that point.

We are of opinion the trial court was right in directing a verdict for the company.

We think the evidence discloses beyond controversy that deceased entered upon and undertook to cross at a point and under circumstances which demanded the exercise of care, and that he exercised none at all. That this failure on his part to exercise care contributed directly to his injury. We dispose of the case on the assumption that those in charge of the switch engine were guilty of negligence, which but for the negligence of deceased would have established liability.

Counsel for appellants insist that negligence in every case except such as the law makes so per se is a question for the jury, and that in no case is the court authorized to assume either its existence or nonexistence. We shall not reply by an extended discussion either of the facts of this case or the adjudicated cases.

It can not be questioned that if the facts are such as to produce but one conclusion upon nonpartisan reasonable minds, the court may assume the issue to be established. We think it uncontrovertible that the situation disclosed by the evidence demanded at the hands of deceased the exercise of some care. It is equally beyond dispute that he exercised absolutely none.

It is certainly possible to disclose a case in which contributory negligence may appear as matter of law because of the undisputed facts, and the inevitable conclusion to be drawn therefrom.  If this case is not of that character, we are unable to perceive the elements which it lacks to make it one.

For the reasons given the judgment is affirmed.

*Affirmed.*

Writ of error refused.