GALVESTON, H. & S. A. RY. CO. v. PRICE.*
(No. 273–3505.)

(Commission of Appeals of Texas, Section B. May 10, 1922.)

1. Appeal and error ☾⟿1002—Theory, conflicting with jury's finding, must be rejected.

In an action for the death of a pedestrian struck at crossing, where the evidence was conflicting as to where the train was when deceased was struck, but the jury found he was at the crossing when struck, defendant's theory that the train had been stopped before reaching the crossing must be rejected.

2. Negligence ☾⟿136(26)—Contributory negligence for court when but one conclusion can be drawn.

When but one reasonable conclusion can be drawn from the facts and circumstances, contributory negligence is a question of law for the court.

3. Railroads ☾⟿327(2)—Pedestrian, stepping in front of moving train without looking, held negligent.

One who, in the possession of his faculties, steps immediately in front of a moving train, the approach of which is unobstructed from his view, and which could be seen and heard by him by using his ordinary faculties or by taking any precautions whatever, is guilty of contributory negligence as a matter of law when he fails to use such faculties, and as a result thereof is injured.

4. Railroads ☾⟿325(2)—Contributory negligence not excused by defective hearing.

That a pedestrian's hearing was defective does not relieve him from the charge of contributory negligence in stepping in front of a slowly moving train without looking.

5. Appeal and error ☾⟿930(3)—Failure to submit issue construed as holding that evidence did not raise it.

Where the issue of discovered peril, as to which the evidence was conflicting, was not submitted to the jury, though raised by the pleadings, nor any request made by plaintiff that the court submit it, the court's action in submitting the issues of negligence and contributory negligence only must be construed as a holding that the evidence did not raise the issue of discovered peril, and a judgment for plaintiff, if not supported by the evidence on the issues submitted, cannot be affirmed on the theory that the court found the issue not submitted in plaintiff's favor.

6. Appeal and error ☾⟿1177(6)—Where issue of discovered peril may require remand on reversal, appellate court must determine whether it was raised though not submitted.

While failure to submit the issue of discovered peril may be construed as a holding that the evidence did not raise it, the existence of a controverted issue of fact on such question may require a remand on reversal to determine such issue, thus necessitating a determination by the appellate court of whether it was raised.

7. Negligence ☾⟿83—Discovered peril doctrine stated.

The doctrine of discovered peril does not arise unless such peril became actually known to defendant's agents in time to avoid injury by the exercise of ordinary care in the use of all means at hand, and mere duty to discover under the circumstances will not raise the issue.

8. Negligence ☾⟿122(1)—Burden of issue of discovered peril on plaintiff.

The burden is on plaintiff to establish facts warranting recovery on the issue of discovered peril, including the fact of actual discovery.

9. Railroads ☾⟿348(6)—Evidence held insufficient to show discovery of peril.

Evidence held insufficient to show that the engineer, though he was in a position, if he had been looking, to have seen deceased when he stepped on the track at a crossing, actually discovered his peril before striking him.

---

☾⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied June 21, 1922.

**10. Appeal and error ⬅999(3)—Jury's finding that train crew did not keep lookout ahead is conclusive against theory of discovered peril.**

A specific finding by the jury that those in charge of the train which struck and killed a pedestrian at a·crossing did not keep a lookout ahead removes the issue of discovered peril from the controversy.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by M. S. Price against the Galveston, Harrisburg & San Antonio Railway Company. From a judgment (222 S. W. 628), affirming a judgment for plaintiff, defendant brings error. Reversed and rendered.

Page & Jones, of Bastrop, and M. O. Flowers, of Lockhart, for plaintiff in error.

E. B. Coopwood and Nye H. Clark, both of Lockhart, for defendant in error.

McCLENDON, P. J.   About 5 o'clock in the afternoon of Saturday, October 5, 1918, W. T. Price while in the act of crossing the main track of the Galveston, Harrisburg & San Antonio Railway Company, at its intersection with Sixth avenue·in the town of Luling, was run over and killed by one of defendant's trains. This suit was brought by his widow, Mrs. M. S. Price, to recover from the railway company compensatory damages for his death.   The Court of Civil Appeals affirmed a judgment of the trial court in favor of Mrs. Price rendered upon a special issue verdict.  222 S. W. 628.

There are but two questions presented for decision.  The first is whether W. T. Price was guilty of contributory negligence as a matter of law in stepping in front of a moving train.  If this question is answered in the affirmative, then it is contended by defendant in error that the trial court's judgment must nevertheless be sustained upon the ground that the evidence will support a finding for plaintiff upon the issue of discovered peril, and that, since that issue was not submitted to the jury, it must be presumed as having been found by the trial judge in favor of plaintiff.

The facts in the case which control the issues presented are simple.   Sixth avenue, which is the principal street in the town of Luling, runs north and south, and intersects defendant's railway practically at right angles.  The main business portion of the town is just north of the railroad, and a number of residences are to the south, among them that of Mr. Price.  At this point of intersection three tracks of defendant company cross Sixth avenue, a switch track on the north, the main track in the center, and about 12 or 15 feet south of the north switch track, and another switch track to the south.  The freight depot appears to be north of the north track, and immediately to the east of

Sixth avenue.   There is a graded gravel sidewalk on the west side of Sixth avenue, which furnishes the ordinary route taken by pedestrians in crossing the railroad track.  There is no sidewalk on the east side of the roadway on Sixth avenue, and that portion of the street is rarely used by pedestrians.  A few feet west of the gravel sidewalk is a switch target, operating a switch on the main line. The train which killed Mr. Price was a freight which had reached Luling a very short while before the accident.  It was on the main track, and bound west.  In front of the engine was a coal car, and behind the engine a number of box cars.  The train was being operated by a conductor, engineer, fireman, and two brakemen.  At the time of the accident, the conductor was at the freight depot, and did not see the accident.  The fireman was on the left-hand side of the engine and the engineer on the right.   The brakemen were swinging on the cars on the left or south side of the train, which was moving slowly in a westerly direction at the time it crossed Sixth avenue.  No one except the engineer was in a position to have seen Mr. Price, who was on foot and crossing from the north to the south side of the track on the gravel sidewalk.   But one witness saw Mr. Price before the train struck him. She was immediately south of the main track on the gravel sidewalk coming north.  Her testimony is to the effect that Mr. Price at the time he approached the crossing was reading a paper, and that he walked right on to the main track, stepping over the north rail just about the instant the coal car struck him.  There was another witness who was some 200 feet in a southwesterly direction from the point of the accident.  He did not see Mr. Price until the very moment he was struck by the coal car.  He at once ran toward the train, waiving his hat and calling to the train crew.  He finally attracted the attention of one of the brakemen, who gave a signal to the fireman, and he in turn to the engineer, and the train was then stopped, but not until after it had passed a little beyond a frog situated some 70 feet to the west of the switch target.   It appears that Mr. Price's clothes were caught by the cowcatcher of the engine, and he was dragged along the track to this frog, where his body was very badly mutilated.  It seems quite clear from the evidence that none of the train crew knew anything about the accident until the brakeman heard the warning referred to. The engineer, while in a position to have seen Mr. Price, testified that he was probably at that time looking in the direction of the fireman for the purpose of getting signals.

[1] The above facts are shown either by the undisputed evidence or by specific findings of the jury.  There is a sharp conflict in the evidence between the train crew, on

the one hand, and all the other witnesses testifying upon the point, on the other, as to where the train was when Mr. Price was struck. The crew all testified that the train had been stopped when the coal car was to the west of Sixth avenue before the accident occurred, and that the train proceeded from that point in a westerly direction until the crew received the warning that an accident had happened. This theory, however, must be rejected in the light of the specific jury finding that Mr. Price was at the crossing on Sixth avenue when he was struck. The jury found that defendant's agents in charge of the train were negligent in not ringing the bell, and in that they did not "keep a lookout ahead of said train, in passing over the public street crossing where it is alleged said W. T. Price was killed, to see that no one was on said crossing and in danger of being injured by said train"; and that if they had done so they could, by the exercise of ordinary care, have discovered him in time to have prevented killing him; and that this negligence was the direct and proximate cause of Mr. Price's death. They also found that Mr. Price was not guilty of contributory negligence. In answer to specific questions they found that Mr. Price did not stop, look, or listen for the train before entering upon the track; that the coal car and engine were moving at the time he entered upon the track; that his view of the train was unobstructed, and that he stepped immediately in front of said car and engine; that the train and engine were not stationary on the street crossing, and did not move forward just prior to the accident.

The uncontradicted evidence and the specific findings of the jury present a clear case of a pedestrian stepping in front of a slowly moving train under circumstances which present no excuse for his not discovering it.

[2] The contention of defendant in error that Mr. Price was not guilty of contributory negligence as a matter of law is based upon the repeated holdings of our Supreme Court to the effect that the law does not prescribe any particular acts or omissions as constituting ordinary care or its absence; that in accordance with this rule it is not negligence as a matter of law for one about to cross a railroad track not to stop, look, or listen, and that whether a failure to do so in a particular instance constitutes a failure to exercise ordinary care is usually a question of fact to be determined by a jury.

In Ferrell v. Traction Co., 235 S. W. 531, this section of the Commission said:

"There have been many cases brought before the Supreme Court in which the plaintiff who came in contact with a moving car or train has been sought to be held guilty of contributory negligence as a matter of law, but, except in those cases where there has been a violation of some statute or city ordinance, or a disregard of some warning or known regulation provided for the safety of the injured party, or where there has been a voluntary exposure to a known danger, the cases which have held that there was negligence as a matter of law have been exceedingly rare. The general doctrine announced by our Supreme Court is that negligence and contributory negligence are questions of fact for the jury. They can only become questions of law when the facts and circumstances are such that but one reasonable conclusion can be drawn therefrom."

Among the recent decisions adhering to the rule that contributory negligence is ordinarily a question of fact for the jury, and that it is not negligence per se not to stop, look, or listen, or to fail to observe any particular precaution, are the following: Kirksey v. Southern Traction Co., 110 Tex. 190, 217 S. W. 139; Trotchta v. Railway (Tex. Com. App.) 218 S. W. 1038; Railway v. Harrington (Tex. Com. App.) 235 S. W. 188. We do not think it necessary to review the facts in those cases, nor of the many other cases, in which the same doctrine is adhered to. The effect of all of these decisions is the same, namely, that, unless but one reasonable conclusion can be drawn from the evidence, the question whether there has been negligence or contributory negligence is a question of fact to be determined by a jury. We also cite Railway v. Barron (Tex. Civ. App.) 235 S. W. 335, for its extended review of the Texas decisions upon this subject. We express no opinion, however, upon the correctness of the particular decision in that case, since it is now pending in the Supreme Court. We do not regard any of the decisions of our Supreme Court as in any way trenching upon the rule that negligence and contributory negligence do become questions of law, when but one reasonable conclusion can be drawn from the facts and circumstances of the case.

[3] The specific question here presented is whether one who in the possession of his faculties steps immediately in front of a moving train, the approach of which is unobstructed from his view, and which could be seen and heard by him by the use of his ordinary faculties or by taking any precautions whatsoever, is guilty of contributory negligence as a matter of law when he fails to use his ordinary faculties and as a result thereof is injured. There are several cases by our Supreme Court in which this precise question has been adjudicated, in each of which the answer was in the affirmative. Railway v. Bracken, 59 Tex. 71; Railway v. Kutac, 72 Tex. 647, 11 S. W. 127; Railway v. Dean, 76 Tex. 73, 13 S. W. 45; Sanches v. Railway, 88 Tex. 117, 30 S. W. 431; Railway v. Edwards, 100 Tex. 22, 93 S. W. 106; Bennett v. Railway, 36 Tex. Civ. App. 459, 82 S. W. 83; Railway v. Kauffman, 46 Tex. Civ. App. 72, 101 S. W. 817. Writs of error were refused in the last two cases.

The basis of this rule is embraced in the

following quotation from Railway v. Gaddis (Tex. Com. App.) 208 S. W. 895:

"All men in possesssion of their faculties are charged with knowledge that a railroad track is a dangerous place, and the law will not permit them to go upon the track, even at a public highway, without being charged with a recognition of the danger attending such action and the use of such care as ordinary prudence would dictate in so doing. Where no care whatever has been exercised, our courts uniformly hold that contributory negligence exists as a matter of law, and recovery is denied. What acts of prudence as constituting ordinary care are required is usually a question of fact."

The seven cases above cited from the Supreme Court and Courts of Civil Appeals are very similar in their facts to the case before us. In the Dean Case the Supreme Court, speaking through Judge Henry, say:

The "evidence is not contradicted. But one conclusion can be drawn from it, and that is that when there was nothing to prevent his seeing his danger he heedlessly stepped upon the track at the very moment of the collision."

Judge Denman, in delivering the opinion in the Sanches Case, says:

"Ordinarily, negligence is a fact to be found or inferred from the testimony; but where from the testimony on the issue of negligence no inference but negligence can be drawn, it becomes a question of law, and the court may instruct the jury that negligence has been established. Railway v. Ryon, 80 Texas, 61. Such cases do not often occur. We are of opinion, that the undisputed evidence above stated, given by plaintiff himself, established the fact that he was guilty of negligence in going upon the track, and that the court might have so instructed the jury. Therefore plaintiff cannot complain of any errors in the charge on the issue of his negligence. Indeed, if the servants of the defendant had not discovered the peril of plaintiff, whereby a new duty devolved upon them, the court should have instructed a verdict for defendant. Railway v. Ryon, 70 Texas, 58; Railway v. Ryon, 80 Texas, 60."

The following is from the opinion in the Edwards Case, of which Associate Justice Williams was the author:

"The law is well settled that a traveler approaching a railroad crossing must exercise ordinary prudence in going upon the track to see that he may do so with safety. He cannot excuse the absence of all care by showing that those in charge of a train have also been guilty of negligence. This is the precise attitude of the plaintiff, when he claims that he was not bound to look out for himself until the statutory signals were given. His claim cannot be admitted without denying the rule which exacted the duty of due care on his part, a duty as binding on him as was the duty of giving signals binding on the defendant. The case is easily distinguished from those in which this court has held that, under the facts thereof, it would have been improper for the courts to have instructed that it was the duty of the

travelers to do any particular thing as a measure of due care, such as to look and listen, it being the function of the jury to say what precautions were called for by the particular situation. Those cases presented issues for the jury to determine as to whether or not the care taken was sufficient, and not bare facts, like those in this case, establishing that no care whatever was taken and offering no excuse for its absence except a reliance on the other party."

The following quotations are from the two opinions by the Courts of Civil Appeals above cited, in each of which a writ of error was denied:

"We are of opinion the trial court was right in directing a verdict for the company. We think the evidence discloses beyond controversy that deceased entered upon and undertook to cross at a point and under circumstances which demanded the exercise of care, and that he exercised none at all; that this failure on his part to exercise care contributed directly to his injury. We dispose of the case on the assumption that those in charge of the switch engine were guilty of negligence, which, but for the negligence of deceased, would have established liability. Counsel for appellants insist that negligence in every case except such as the law makes so per se is a question for the jury, and that in no case is the court authorized to assume either its existence or nonexistence. We shall not reply by an extended discussion either of the facts of this case or the adjudicated cases. It cannot be questioned that if the facts are such as to produce but one conclusion upon nonpartisan reasonable minds, the court may assume the issue to be established. We think it uncontrovertible that the situation disclosed by the evidence demanded at the hands of deceased the exercise of some care. It is equally beyond dispute that he exercised absolutely none. It is certainly possible to disclose a case in which contributory negligence may appear as matter of law because of the undisputed facts, and the inevitable conclusion to be drawn therefrom. If this case is not of that character, we are unable to perceive the elements which it lacks to make it one." Bennett v. Railway, 36 Tex. Civ. App. 459, 82 S. W. 334.

"We are of the opinion, however, that the undisputed evidence, as above stated, establishes contributory negligence on the part of the deceased, Kauffman. He was a man of at least ordinary intelligence, in the full possession of his faculties of sight and hearing. At the place where he was struck the track was straight and level. There was nothing to obstruct his view of the approaching engine for a considerable distance, a much greater distance than would have been necessary to insure his absolute safety at the slow speed at which the engine was moving, or at any ordinary rate of speed, if he had either looked or listened. The undisputed evidence leads irresistibly to one of two conclusions—either that Kauffman went upon the crossing and remained there in plain view and hearing of the approaching engine until he was struck, or that he stepped upon the track immediately in front of and in plain view and hearing of the approaching

engine and was thus struck and killed, in either case without the slightest precaution to ascertain the presence of the approaching train then in plain view." Railway v. Kauffman, 46 Tex. Civ. App. 72, 101 S. W. 818.

[4] There is some testimony in the record indicating that Mr. Price's hearing was defective. The following holding from the opinion by Judge Gaines, in Railway v. Ryon, 80 Tex. 59, 15 S. W. 588, removes any question which might arise from that fact, if it existed:

"Although as a very general rule negligence or not is a question of facts to be determined by the jury under all the circumstances of the particular transaction, yet some acts are so obviously dangerous and reckless that no court should hesitate to declare them negligent. And we are of opinion that, as a matter of fact at least, it is negligent for one to go upon a railway track and stand there until he is knocked off by an engine. The fact that the deceased was deaf made it all the more negligent to risk his life by standing upon the railway track without exercising his sight to avoid danger from an approaching train. The less ability one has to discover approaching danger the more careful he should be in going within its reach."

The facts in this case clearly distinguish it from those in which the fair inference may be drawn that the party injured, in attempting to cross in front of a rapidly moving train, may have miscalculated its speed; and from those in which the injury is caused by a train or cars, which were stationary at the time the injured party attempted to cross the track, but were then suddenly started without warning.

The above-cited authorities clearly control the case, and require a holding that plaintiff is precluded from recovery by reason of Mr. Price's contributing negligence as a matter of law; unless the second contention of defendant in error should be sustained.

[5] We cannot agree with the contention of defendant in error to the effect that if the evidence raises the issue of discovered peril the judgment of the trial court must be affirmed, upon the theory that that court found that issue in her favor. While the pleadings raised the issue, it was not submitted to the jury, and, so far as the record shows, no request was made of the trial court to do so. Had the evidence shown conclusively as a matter of law that the plaintiff was entitled to recover on the issue of discovered peril, it would then have been the duty of the trial court to give a peremptory instruction to that effect. The submission of the case to the jury upon the issues of negligence and contributory negligence would be a useless waste of the jury's time, and purely supererogatory, if the trial court, after submitting such issues, would still have the right to disregard the verdict and render judgment for plaintiff upon some other theory upon which there was at least a sharp conflict in the testimony. The contention of defendant company was that the issue of discovered peril was not raised by the evidence; consequently no duty rests upon it to request the submission of that issue. If the plaintiff, who raised the issue in her pleadings, considered that there was evidence to support it, it was her duty to request its submission, and a failure to do so constituted a waiver. This was the holding in Texas City Transportation Co. v. Winters (Tex. Com. App.) 222 S. W. 541, where it is said:

"The power of the trial court to substitute its findings, where none have been made by the jury, does not admit of a finding by the court upon an independent ground of recovery which the party alleging it does not urge. In such case, the issues submitted will be treated as embracing the only grounds upon which recovery can be had; and the failure of plaintiff to tender an issue not submitted by the court will be treated as a waiver or abandonment thereof."

The action of the trial court in not submitting the issue of discovered peril to the jury and in submitting other issues must necessarily be construed, we think, as a holding by that court that the evidence did not raise the issue of discovered peril.

[6] The existence of a controverted issue of fact upon the question of discovered peril might, however, upon reversal, require a remand of the cause in order to determine that issue. See Baker v. Shafter (Tex. Com. App.) 231 S. W. 349, and authorities there cited. It therefore becomes necessary that we determine whether that issue is raised.

[7-9] It is well settled in this state that the doctrine of discovered peril does not arise unless the perilous position of the party injured becomes actually known to the defendant's agents in time to avoid injury by the exercise of ordinary care in the use of all means at hand. Railway v. Shetter, 94 Tex. 196, 59 S. W. 533; Baker v. Shafter, above. Mere duty to discover under the circumstances will not raise the issue. There are cases which hold that actual discovery of the injured party's perilous situation may be established by circumstantial evidence. But in all such cases the circumstances must be such as to fairly warrant the inference that there was an actual discovery or actual knowledge of the perilous situation. The burden of proof is on the plaintiff in such cases to establish the facts warranting recovery upon this issue, including the fact of actual discovery of the peril. The only circumstance which in any way might tend to show such actual discovery is the fact that the engineer was on the right-hand side of the engine, and in a position, if he had been looking in that direction at the time, to have seen Mr. Price when he stepped upon the track. The engineer not only denies that he saw him, but explains that he was probably

looking in the direction of the fireman for the purpose of receiving signals. At the time of the accident the train was engaged in switching. All the circumstances surrounding the accident clearly indicate, to our mind, that no member of the train crew knew anything about the accident until one of the witnesses succeeded in attracting the attention of one of the brakemen. Mr. Price had already been knocked down and run over by the coal car, and was at that time somewhere under the train, which had moved some distance, probably as far as the frog, which was the cause of mutilation of his body, and which in all probability caused his death. In order to warrant a finding that the engineer, the ony member of the crew who could have seen Mr. Price, discovered him in a perilous position just before he was struck, we will also have to assume that he deliberately permitted the train to run on some distance without any effort whatever to stop it—an act of inhumanity which we think should never be imputed to one in the absence of some proof that he was guilty of it. Certainly such an act could not be assumed merely from the fact that the engineer was in a position where he could have seen Mr. Price if he had been making the proper lookout ahead.

[10] The specific finding of the jury, however, to the effect that those in charge of the train did not keep a lookout ahead to discover any one who might be upon the crossing and in danger of being injured, removes the issue of discovered peril from the domain of controversy; and eliminates any possible question that might otherwise be raised concerning the inference which the evidence will reasonably permit of being drawn.

We conclude that under the undisputed evidence, aided by the findings of the jury, the plaintiff's right to recover upon any theory is negatived, and therefore that the judgments of the district court and Court of Civil Appeals should be reversed, and judgment rendered in favor of plaintiff in error.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.