**CREWS et al. v. SCHAFF.   (No. 2727.)**

(Court of Civil Appeals of Texas. Texarkana. April 10, 1923. Rehearing Denied April 19, 1923.)

1. **Railroads ⬤⟿338—Evidence held insufficient to warrant submission of issue of discovered peril.**

Evidence that trainmen, had they been keeping a proper lookout, could have seen decedent's automobile in time to have avoided the collision had they known the automobile would go on the crossing, *held* not sufficient to require submission of the issue of discovered peril in the absence of evidence that, if they saw the automobile, they had reason to believe before it was too late to have avoided the collision, and that deceased did not know that train was approaching, and would go upon the crossing in ignorance of its approach.

2. **Appeal and error ⬤⟿999(3)—Finding that railroad kept no lookout conclusive as to issue of discovered peril.**

A jury finding in a crossing accident case that trainmen kept no lookout is conclusive as to issue of discovered peril and eliminates that question from the case.

3. **Appeal and error ⬤⟿1062(2)—Refusal to submit question of safety of crossing not error where contributory negligence precluded plaintiffs' recovery.**

Refusal to submit the question whether crossing was in a proper and safe condition was not erroneous where under the evidence a finding for defendant because of plaintiffs' contributory negligence in failing to look and listen was required.

4. **Railroads ⬤⟿352—Findings on issue of contributory negligence held consistent.**

Findings that deceased was guilty of contributory negligence, and that he did not know that train was approaching when he drove upon the crossing, are not inconsistent; a proper construction of such findings being that deceased was unaware that train was approaching because he negligently failed to look and listen.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Action by Mrs. Susie C. Crews and others against C. E. Schaff, receiver of the Missouri, Kansas & Texas Railway Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

William Crews was killed April 2, 1921, at a point in Grayson county where a public road he was traveling on in an automobile crossed the Missouri, Kansas & Texas Railway Company's line of railway, as the result of a collision between the automobile and a train moving on said railway. This suit for damages for his death commenced and prosecuted by appellants (his surviving widow and children) was on the theory that appellee (operating said railway as receiver) was guilty of negligence in not maintaining the crossing in a proper condition, and that his employés in charge of the train were guilty of negligence in operating it. In response to special issues submitted to them the jury found that said employés were guilty of negligence, which was a proximate cause of the accident, in that they (1) failed to ring the bell and blow the whistle of the locomotive for the crossing as required by law (article 6564, Vernon's Statutes), and (2) failed to keep a lookout for automobiles on or about to go on the crossing. The jury further found, on testimony warranting it, we think, that the deceased was guilty of contributory negligence in that he (1) failed to look and listen for the train as he approached the crossing, and (2) failed to stop the automobile before it reached the crossing and wait for the train to pass. And the jury further found that the deceased did not know the train was approaching "when he drove on the crossing." Because of the finding that deceased was guilty of contributory negligence in failing to look and listen for the train, the trial court rendered judgment that appellants take nothing by their suit, whereupon they prosecuted this appeal.

C. B. Randell, of Sherman, for appellants.

Head, Dillard, Smith, Maxey & Head, of Sherman, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] Having alleged in their petition that appellee's employés in charge of the train "saw the deceased and realized his danger and negligently failed to use ordinary care to prevent him from injury," and having alleged, further, that said employés, knowing that the deceased had not seen the train and was not likely to see or hear it before he went upon the crossing, "made no effort to notify him of the danger or to stop him or to prevent him from crossing and negligently failed to blow the whistle or ring the bell or apply the brakes or stop or slow down the train," appellants requested the trial court to have the jury to find whether said employés "discovered the peril of deceased and realized his danger" in time to have avoided the collision "by the means at hand." The refusal of the court to submit such an issue is the basis of the first assignment in appellants' brief. We think the evidence relied upon as presenting such an issue did not do so, and that the action of the court complained of was not error. That evidence consisted alone of testimony that the employés in charge of the train, had they been keeping a proper lookout, could have seen the automobile at such a distance from the crossing as would have enabled them to have avoided the collision had they then known it would go thereon. But there was no testimony tending to show that, if they saw the automobile, they had any reason whatever to believe, before it was too late to have avoided the collision, that deceased did not know the train was approaching and would go upon the crossing in ignorance of the fact that it was. The jury might have found from the fact that the employés could have seen the automobile approaching the crossing in time to have avoided the accident that they did see it, but to make the issue in question there must have been testimony warranting the further finding that they had reason to believe at that time that the automobile might go upon the crossing. Railway Co. v. Price (Tex. Com. App.) 240 S. W. 524.

[2] Another reason why appellants' contention with reference to the issue in question should be overruled is stated in the opinion of the court in the case cited. There, as here, the jury found that the employé in charge of the train did not keep a lookout for persons on the crossing. In disposing of a contention made that the testimony raised an issue of discovered peril, not submitted to the jury, but which, it should have been assumed in support of the judgment, it was asserted, was found by the court in the appellee's favor, the Commission of Appeals said:

"The specific finding of the jury, however, to the effect that those in charge of the train did not keep a lookout ahead to discover any one who might be upon the crossing and in danger of being injured removes the issue of discovered peril from the domain of controversy, and eliminates any possible question that might otherwise be raised concerning the inference which the evidence will reasonably permit of being drawn."

[3] Appellants, having further alleged that appellee was guilty of negligence in not maintaining the crossing in proper condition, and having adduced testimony showing that the ground inside the rails was not on a level therewith, requested the court to have the jury find whether the crossing was in a proper and safe condition or not, and complain because the court refused to submit such an issue. There is no merit in the complaint. Had the issue been submitted and determined in appellants' favor, the court nevertheless should have rendered the judgment he did render on the finding that the deceased was guilty of contributory negligence in failing to look and listen for the train.

[4] The contention remaining undisposed of is that the findings (1) that the deceased was guilty of contributory negligence in the respect stated above, and (2) that he did not know the train was approaching when he drove upon the crossing, were conflicting, and therefore that the finding of negligence on the part of the deceased did not warrant the judgment rendered. The contention is overruled. As we construe the findings, they meant that the deceased did not know the train was approaching the crossing because of his negligence in failing to look and listen for it. So construed, they did not conflict with each other.

The judgment is affirmed.