### WICHITA VALLEY RY. CO. v. FITE et ux.
### No. 1341.

Court of Civil Appeals of Texas. Eastland.
Dec. 14, 1934.

Kirby, King & Overshiner, of Abilene, and Thompson & Barwise and F. B. Walker, all of Fort Worth, for appellant.

Blanton, Blanton & Blanton, of Abilene, for appellees.

FUNDERBURK, Justice.

By judgment of the court below, based upon a verdict of the jury rendered in response to special issues submitted, the plaintiffs, Perry A. Fite and wife, Mrs. Artie M. Fite, were awarded damages in the sum of $5,000 for injuries to themselves and their automobile resulting from a collision of the automobile with a box car standing at the time across state highway No. 1, at a point about two miles northeast of Abilene, Tex. The defendant, Wichita Valley Railway Company, has appealed.

Plaintiffs alleged different grounds of negligence which may be summarized as follows: (1) Failure of defendant to have a large railroad crossing sign on the east side of the railroad track, it being alleged that there was such sign on the west side of the track; (2) obstructing highway by leaving stationary box car across same at nighttime when it was dark and foggy; (3) obstructing highway by leaving stationary box car across same, and failing to place a brakeman with lantern to notify west-bound motorists on said highway of their danger in approaching the railroad crossing; (4) failing to install at crossing a bell, or swinging sign, or some other alarm that would notify motorists of the proximity of cars approaching or on the track.

The facts constituting each of these grounds of negligence were averred to be a proximate cause of the injuries alleged.

The defendant, in addition to a general denial, pleaded a number of different grounds of contributory negligence. The jury by their verdict found all issues of contributory negligence, as well as that of unavoidable accident, in favor of plaintiffs against the defendant.

On the issues of the negligence of the defendant the jury found: (a) That the railroad company's employees were negligent in permitting the box car to be standing across the highway at the time of the collision; (b) that the railroad company's employees were negligent in failing to place some one east of the box car to warn motorists approaching the railroad from the east, while the box car was across the highway.

In so far as these findings were findings of the facts alleged to be negligence, it was further found that they were the proximate cause of the injuries.

■ It is apparent there was eliminated, as support for the judgment, at least two of the grounds of negligence alleged. No issue was submitted regarding the failure of the defendant to have a large railroad crossing sign on the east side of the track. That ground of negligence was waived, unless the facts were undisputed and constituted negligence per se. The law (R. S. 1925, art. 6370) does not require that such signs be placed on both sides of a railroad track. Texas & N. O. Ry. Co. v. Stratton (Tex. Civ. App.) 74 S.W. (2d) 741. It is not the purpose of the law, in requiring maintenance of such signs, to prevent vehicles from running into cars while standing upon, or passing over, the road at a crossing. The purpose of such signs is to give notice, to persons approaching a crossing, of the proximity of the railroad. For this purpose such a sign on one side of the track was evidently deemed sufficient.

■ At any rate, it was not negligence per se to fail to have such sign on only one side of the track. But, even if it was, the judgment has no support in that ground of negligence, because there was no finding that the failure to have such sign on the east side of the track was a proximate cause of the injuries. Whether such negligence, if any, was the proximate cause of the injuries would at all events, under the evidence in this case, if any, be an issue of fact, and not of law.

■ No issue was submitted, or requested, regarding that ground of negligence pleaded consisting of the failure to install at the crossing a bell, swinging sign, or other alarm to notify motorists of the proximity of cars approaching or on the track. It was therefore waived.

The judgment for its validity must then depend upon special issues Nos. 1 and 3, or at least one of them. Special issue No. 1 was: "Do you find from a preponderance of the evidence that the railroad company's employees were negligent in permitting the box car to be standing across the highway at the time of the collision?" Special issue No. 3 was: "Do you find from a preponderance of the evidence that the railroad company's employees were negligent in failing to place someone east of the box car to warn motorists approaching the railroad from the east while the box car was across the highway?"

■ The appeal presents a number of very difficult questions arising upon this record, but, after careful consideration, we have concluded that it will be necessary to discuss but one proposition. The first question presented for decision is whether or not the evidence established conclusively as a matter of law that plaintiff Mrs. Artie M. Fite was guilty of, or chargeable with, contributory negligence. As a general rule, the existence of negligence, or contributory negligence, is a question of fact. "Unless but one reasonable conclusion can be drawn from the evidence, the question whether there has been negligence or contributory negligence is a question of fact to be determined by a jury." Galveston, H. & S. A. Ry. Co. v. Price (Tex. Com. App.) 240 S. W. 524, 526; Sanches v. San Antonio & A. P. Ry. Co., 88 Tex. 117, 30 S. W. 431; Ferrell v. Traction Co. (Tex. Com. App.) 235 S. W. 531; Kirksey v. So. Traction Co., 110 Tex. 190, 217 S. W. 139; Trochta v. Missouri, K. & T. Ry. Co. (Tex. Com. App.) 218 S. W. 1038; Texas & N. O. R. Co. v. Harrington (Tex. Com. App.) 235 S. W. 188. Where, however, but one reasonable conclusion can be drawn from the undisputed evidence, the question becomes one of law. It must be admitted that the rule last stated is not always easy of application. However, one test of somewhat limited scope, recognized by good authority, has the merit of reasonable certainty in cases where applicable. It so happens, we think, that that test is one that can be applied in this case. It is that, where the undisputed evidence shows the existence of a danger and that the plaintiff, or injured party, had knowledge or was chargeable with knowledge of the danger and exercised no care whatever, then there is shown a case of contributory negligence as a matter of law. Gulf, C. & S. F. Ry. Co. v. Gaddis (Tex. Com. App.) 208 S. W. 895; Galveston, H. & S. A. Ry. Co. v. Price, supra; International & G. N. Ry. Co. v. Edwards, 100 Tex. 22, 93 S. W. 106; Bennett v. St. L. & S. W. Ry. Co., 36 Tex. Civ. App. 459, 82 S. W. 333; Houston & T. C. Ry. Co. v. Kauffmann, 46 Tex. Civ. App. 72, 101 S. W. 817; Northern Texas Traction Co. v. White (Tex. Civ. App.) 19 S.W.(2d) 416.

The converse of the proposition, of course, is that, where there is evidence showing some care, and the question is one of the sufficiency of the care, a question of fact for the jury is presented. Gulf, C. & S. F. Ry. Co. v. Gaddis, supra; Galveston, H. & S. A. Ry. Co. v. Price, supra.

In the instant case the plaintiffs, in their petition, alleged that at the time and place of the collision "it was then foggy in that vicinity to such an extent that it was impossible to see any distance through the windshield for more than a short distance in front of their automobile * * * the servants and employees of defendant's said train left said box car uncoupled from the engine across said highway, obstructing all passage east and west thereon * * * it was impossible for anyone in said automobile to see said obstruction, and they did not see said obstruction until said automobile was so close to said box car that it was impossible to stop same * * * that when approaching said intersection from the east in the darkness and fog, as aforesaid, neither the driver of said Dodge Sedan, nor the plaintiff Mrs. Artie M. Fite, nor anyone else in said Dodge Sedan were able to see the said stationary box car obstructing said highway until within a very short distance of it * * * and striking such stationary box car was inevitable and the force of the impact threw the plaintiff Mrs. Artie M. Fite against the side of said car," etc. The undisputed evidence showed, and it was admitted, that plaintiffs were responsible for the acts of the driver of the car, that both the plaintiff Mrs. Artie M. Fite and the driver of the car knew that they were approaching the city of Abilene, and that before entering the city they must cross the railroad. There was no reliance upon any signaling device, cross-arms, or man with a lantern, or anything else to give warning of an actual obstruction of the highway by a train. The evidence shows that the automobile struck the train with such force that it jammed underneath same and could not be moved, except by moving the train and dragging it off the highway. It will serve no useful purpose, we think, to quote testimony which may be claimed to show the exercise of some care. The driver and Mrs. Fite testified, of course, that they were looking down the road. After testifying that they were running 25 or 30 miles an hour when they first saw the obstructing box car, they each, on rebuttal, said they were running about 20 miles an hour. All other testimony as to the rate of speed placed it higher. There was some evidence of slackening in speed, but it is indefinite as to when or why that was done, or that knowledge of the presence of the railroad had anything to do with it. It is inconceivable that the driver of an automobile under ordinary conditions would not be able to say truthfully that he was looking down the road, or had at some time decreased the speed of the car. We have been forced to the conclusion that the only testimony which it could be argued tended to show the exercise of some care in the presence of the actual danger amounts to no evidence at all. Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059.

We are unable to distinguish the instant case from Texas Mexican Ry. Co. v. Hoy (Tex. Com. App.) 24 S.W.(2d) 18; Robinson v. H. B. & T. Ry. Co. (Tex. Civ. App.) 23 S.W.(2d) 894; Texas & N. O. Ry. Co. v. Stratton (Tex. Civ. App.) 74 S.W.(2d) 741; Id. (Tex. Civ. App.) 74 S.W.(2d) 746. In line with these decisions we may further cite International & G. N. Ry. Co. v. Edwards, 100 Tex. 22, 93 S. W. 106; Eizenman v. Jaynes (Tex. Civ. App.) 33 S.W. (2d) 254; Northern T. T. Co. v. White (Tex. Civ. App.) 19 S.W.(2d) 416; Galveston, H. & S. A. Ry. Co. v. Ryon, 80 Tex. 59, 15 S. W. 588; Sabine & E. T. Ry. Co. v. Dean, 76 Tex. 73, 13 S. W. 45; Galveston, H. & S. A. Ry. Co. v. Price (Tex. Com. App.) 240 S. W. 524. In San Antonio & A. P. Ry. Co. v. Singletary (Tex. Civ. App.) 251 S. W. 325, 326, it was very properly said: "A railroad track is of itself a proclamation of danger, imposing upon the traveler at the railroad crossing a positive duty of using care to avoid trains. In approaching such crossing it is his duty to assume a present danger, which includes the immediate approach of a train within a dangerous distance, and 'the man who, knowing it to be a railroad crossing, approaches it, is careless unless he approaches it as if it were dangerous.'"

In Gulf, C. & S. F. Ry. Co. v. Gaddis (Tex. Com. App.) 208 S. W. 895, 896, the court said: "It is well settled in this state that one who crosses a railroad track must, as a matter of law, exercise some degree of care for his own safety.

"All men in possession of their faculties are charged with knowledge that a railroad track is a dangerous place, and the law will not permit them to go upon the track, even at a public highway, without being charged with a recognition of the danger attending such action and the use of such care as ordinary prudence would dictate in so doing. Where no care whatever has been exercised, our courts uniformly hold that contributory neg-

ligence exists as a matter of law, and recovery is denied."

 The undisputed evidence leaves no escape from the conclusion that the plaintiffs were not only chargeable with the knowledge, but Mrs. Fite actually knew that they were approaching a railroad crossing at such a rate of speed that, if it happened to be obstructed by a passing, or standing, train, the car could not, at the rate it was traveling, be stopped so as to avoid a collision. The very allegations in the petition make this manifest when supplemented by the testimony of the plaintiff and the driver of the car.

This conclusion renders it unnecessary to discuss other questions. The court should have given the peremptory instruction in favor of the defendant, for which reason the judgment must be reversed and judgment be here rendered that plaintiffs take nothing by their suit, and it is accordingly so ordered.